# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-21141-ALTMAN/Sanchez

**RAZIEL OFER**,

    *Plaintiff*,

v.

**RONIEL RODRIGUEZ, IV**, *et al.*,

    *Defendants*.

_____/

## **OMNIBUS ORDER**

"Regardless of whether a plaintiff is represented by a veteran attorney or, as in this civil case, proceeds *pro se*, a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1365 (11th Cir. 1994). "Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

"It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *Molina Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (cleaned up). And, although "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), that "leniency does not give a court license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action," *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "The only

provision in the [Federal Rules of Civil Procedure] for *sua sponte* dismissal is for lack of subject matter jurisdiction, under Rule 12(h)(3)." *Jefferson Fourteenth Assoc.'s v. Wometco de P.R., Inc.*, 695 F.2d 524, 526 (11th Cir. 1983). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex re. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

In his Complaint [ECF No. 1], our Plaintiff alleges that "[j]urisdiction is based upon diversity of citizenship pursuant to Title 28 U.S.C. § 1332[.]" Complaint ¶ 7. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). But, when laying out his own "citizenship" or "domicile," the Plaintiff says only that he "is a resident of London who resides in Monaco." *Id.* at 1; *see also id.* ¶ 2 ("Plaintiff Ofer is a resident of London who resides in Montecarlo[.]"). And the address he's provided on the docket for himself—he's proceeding *pro se*—is in Miami. That won't do because we have no idea whether the Plaintiff is a "citizen"—for diversity purposes—of the United Kingdom, Monaco, Florida, or someplace else. *See Molinos Valle*, 633 F.3d at 1341-42 ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Dyer v. Wal-Mart Stores*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) ("For an individual, the complaint must allege citizenship, rather than residence, to properly invoke diversity jurisdiction."). Accordingly, we **ORDER and ADJUDGE** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Plaintiff may file an amended complaint that identifies his country (or state) of citizenship by **May 31, 2024**.
2. In the meantime, the Motion to Dismiss [ECF No. 9] filed by Defendants Kalb,

Rodriguez, and Rodriguez P.A. is **DENIED as moot**.

3. The Plaintiff's Motion to Disqualify Counsel [ECF No. 17] is also **DENIED as moot**.

4. The Motion for Sanctions [ECF No. 19] filed by Defendants Kalb, Rodriguez, and Rodriguez P.A. is **DENIED as premature**.

5. The Plaintiff's Corrected Motion to Strike [ECF No. 23] is **DENIED as moot**.

6. The Plaintiff's Motion for Clarification [ECF No. 24] is **DENIED as moot**.

7. We will schedule a status conference in a forthcoming order. Between now and that status conference, the parties **may NOT file any more motions**.

**DONE AND ORDERED** in the Southern District of Florida on May 17, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Raziel Ofer, *pro se*